Hon. William C. Hennessey Chairman Lake George Park Commission
Your counsel has inquired whether commissioners of the Lake George Park Commission are covered by the provisions of section 17 of the Public Officers Law. The concern is the potential liability of the commissioners in developing wastewater control regulations that may include a temporary moratorium on the issuance of permits until comprehensive regulations are enacted.
Section 17 of the Public Officers Law provides for the defense and indemnification by the State of New York of State employees for acts or omissions committed in the performance of their duties. The term "employee" includes a person holding a position by election, appointment, or employment in the service of the State, whether or not compensated (Public Officers Law, § 17 [1] [a]).
The Lake George Park Commission is in the Department of Environmental Conservation and is a body corporate and politic consisting of the commissioner of the Department of Environmental Conservation and nine members appointed by the Governor by and with the consent of the Senate (Environmental Conservation Law, § 43-0105). Funding for the Commission is provided by the State budget out of the general fund, State purposes account (Executive Budget, April 1, 1988 — March 31, 1989, p 522; State of New York, Senate-Assembly, State Operations Appropriations, 1988-1989, p 442). The members of the Commission receive no compensation but may be reimbursed for expenses incurred in the performance of their duties (ibid.). In the statement of legislative purpose, the Legislature declared that it is the concern of the State and in the public interest to preserve, protect, conserve and enhance the unique natural scenic beauty of the Lake George region and to provide means whereby concerned parties may take measures to achieve this purpose (id., § 43-0101). It was with this purpose in mind that the Lake George Park Commission was established and granted the necessary powers to protect the environment in the Lake George Park (id., §§ 43-0107,et seq.).
Thus, it seems clear that the commissioners and employees of the Lake George Park Commission, an entity within a State department and funded by the State purposes account, have been appointed and employed in the service of the State and are, therefore, "employees" covered by section17 of the Public Officers Law (see 1981 Op Atty Gen 11; 1979 Op Atty Gen 20).
The commissioners would receive defense and indemnification by the State for actions or omissions committed in the performance of their duties. Under section 43-0110 of the Environmental Conservation Law, the Commission, subject to the approval of the Departments of Environmental Conservation and Health, is required to adopt rules and regulations for the discharge of sewage or treated sewage effluent onto the land or into the groundwater of the park to ensure optimum protection of ground and surface waters within the park. In adopting a regulation under this grant of authority, the Commission would be acting within the scope of its duties.*
We conclude that the commissioners and employees of the Lake George Park Commission are covered by section 17 of the Public Officers Law.
* We note, apart form the section 17 question, that there is authority for the use of a moratorium. In the land use planning field, courts have been sensitive to the practical problem that development during revision of zoning regulations can defeat the purpose and goals of the regulations (1987 Op Atty Gen [Inf] 71). Thus, the actions of local governments in enacting reasonable stop-gap or interim zoning measures to halt, for a reasonable time, construction in areas under consideration for zoning changes have been upheld (ibid.). The moratorium must, however, meet legal requirements (ibid.).